## In re SAVAGE, Bankrupt.

(*District Court, N. D. New York.* May 23, 1882.)

BANKRUPTCY—DISCHARGE OF ASSIGNEE—NOTICE TO CREDITORS.

A step which in effect ends the bankruptcy proceedings should not be taken without notice to creditors. So, where an assignee sought to renounce his trust by making application for his discharge, based on his own affidavit, alleging that no tangible assets have come into his hands, and that he has no information of any property belonging to the bankrupt, other than a chose in action in favor of the estate, *held*, that notice to creditors of such application, and the approval of the register in charge of the case, was necessary.

COXE, D. J. The assignee in this matter makes application for a discharge, based on his own affidavit, alleging that no tangible assets have come into his hands, and that he has no information of any property belonging to the bankrupt. The affidavit also contains, in substance, the averment that he was, at the time of his appointment,

informed by the attorneys for the petitioning creditors that the proceedings were commenced to enable them to attack a fraudulent transfer, but that no suit had been or would be instituted for that purpose. With the moving papers is the consent of the attorney for the petitioning creditors to the discharge. The assignee was appointed on the second of March, 1877, and the appointment was approved by the district judge on the fifth of the same month. It is probable, therefore, that any right of action of the character named, existing in his favor, would now be barred by section 5057 of the Revised Statutes. No schedules were filed, and no complete list of creditors is found among the papers. There is, however, on file with the clerk the evidence of the agent of the bankrupt, in which appears a statement of all the creditors whose claims respectively exceed $250— seven in all. With the exception of section 5038, which is applicable to cases of resignation by the assignee, there is apparently, no provision in the act for his discharge, except that contained in section 5096, as follows:

"Preparatory to the final dividend, the assignee shall submit his acccount to the court and file the same, and give notice to the creditors of such filing, *and shall also give notice that he will apply for a settlement of his account, and for a discharge from all liability as assignee, at a time to be specified in such notice,* and at such time the court shall audit and pass the accounts of the assignee, and the assignee shall, if required by the court, be examined as to the truth of his account, and if it is found correct he shall thereby be discharged from all liability as assignee to any creditor of the bankrupt."

Strictly construed the law furnishes no remedy where, in a case like the present, there is no property, no account to be examined, and where no meeting of creditors, after the first, has been held. It will be seen at a glance that a literal compliance with the requirements of the statute is impossible, but it should, I think, be followed as far as it is practicable to do so. Many of its provisions are directory merely.

A step which in effect ends the bankruptcy proceedings should not be taken without notice to the creditors; the fact that it was contemplated might induce them to furnish the necessary funds to set the machinery of the law in motion. Great injustice might result, in many cases, from allowing the assignee to renounce his trust without giving those most interested an opportunity to be heard.

This application may be renewed on notice to the creditors who are known, and on a certificate of the register in charge that the

assignee has in all things conformed to his duty under the bankrupt act; that his accounts, if any have been filed, are correct; that the discharge can work no injury to the estate; and that, in the opinion of the register it ought to be granted.